

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Tawana L. Carter
115 Parkside Close
Alpharetta, GA. 30022
)
**Plaintiff,**

vs.

Select Portfolio Servicing
registered agent C Corp. Service Comp.
40 Technology Pkwy. S. Ste 300
Norcross, GA. 30092
)
**Defendant**

) Case No.: 2015CV255715

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

Tawana L. Carter
115 Parkside Close
Alpharetta, GA. 30022

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___9___ day of ___January___, 20 _15_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 _____

_____
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

**EXHIBIT A - PAGE 1**

4.

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA



TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO: 2015-CV- 255715

Defendants.
1. SELECT  PORTFOLIO  SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,
        EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

        COMES NOW, Plaintiff for Emergency Motion for Restraining Order
or ex-parte Temporary Restraining Order  against Select Portfolio Servicing, Inc.,
et al as follows:

1.

Plaintiff is a citizen of Georgia and a resident of Fulton County, Georgia

2.

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a

registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite

300, Norcross, Ga. 30092.  Wells Fargo Bank, N.A. trustee, et al also has

Corporate Service Company as its registered agent.

## FACTUAL ALLEGATIONS

-1-

EXHIBIT A - PAGE 2

4.

3.

Plaintiff  Tawana L. Carter, purchased  the subject property on May 1, 2005.
The loan was with a notorious subprime Lender Fremont Investment & Trust. The
appraisal was at an inflated amount of $650,000       The loan on 115 Parkside
Close, Alpharetta, Ga. 30022  was recorded in Deed Book 39500, Page 567, Fulton
County, Georgia on May 1, 2005.

The first time I tried to get a loan modification was on March 15,2009 thru Bank of
America. The Bank of America Pres./ Vice Pres. told me she would reduce my $ 2,284
payments to $1,000 for 6 months. About 6 months later the vice pres. denied the $1,000
payment agreement and she refused to send out the paperwork on this agreement.

The second time I tried to get a loan modification was March 30,2012 via NACA in
Jacksonville, FL. I was denied because I had to much equity in my home

The third time tried to get a modification was in April 2014.I was working with Trina
Herrington (Rainbow Push Coalition). I was denied on July 9,2014 because of the NPV
and because I did not have enough  income coming into the house. The amount of
income was almost $3800 (more than enough for a modification).

The fourth time I was denied a modification was January 06, 2015. I was told that
SPS decided it was best to foreclose on my home, The auction date for my house is
Feb, 03, 2015.

5.

-2-

4.

Wells Fargo Bank, N.A, as trustee for Fremont Home Loan Trust 2005 RR3 is

not registered with the Secretary of State and does not have authority to conduct

business in Georgia.  As a result of a recent title search  Defendant does not

have standing to foreclose and thus requiring a Quite Title Action and the

mandatory appointment of a Special Master as required by the Georgia

Supreme Court ruling in the Nelson et al v. Sheriff  Youth  Homes, Inc., et al

Ga. Supreme Court, No. 509A0609., Nov. 23, 2009 :

9.

The current attempt by Select Portfolio Servicing , to wrongfully foreclose

and convert the equity appreciation of Carter's is a violation of the Fair Debt

Collections Practices Act .

10.

. That chain of title reveals that the threatened foreclosure is unlawful as a

matter of law, and that Defendants' conduct is otherwise unlawful.  A true and

correct copy of the Security Deed is attached hereto as EXHIBIT A,

11.

Plaintiff has filed a suit in Superior Court of Fulton County, State of

Georgia, Case Number: _____against these defendants and equitable

relief stemming from violations of Contractual Breach of Good Faith and Fair

4.

Dealing, Predatory Lending, Quite Title, Failure to Comply With State Statutes,
Conspiracy, Joint Venture, Promissory Estoppel or Illegal Attempt To Convert and
Fraudulent Misrepresentation,  actual fraud and fraud in the inducement, violations
of the Fair Debt Collection Practices Act and other statutory and actual damages.
This Emergency Petition is not filed for the purposes of delay, but to prevent a
Forefeiture of an interest and ownership in real property sought to be obtained on
the basis of fraud and abusive and predatory lending practices. Defendants are
seeking to foreclose on Plaintiff from property located at

12.

Plaintiff sent a  Qualified Written Request for Accounting to Defendants and
they did not  respond.

13.

Defendants have a fiduciary duty and obligation to perform upon notice of
Qualified Written Request and Debt Validation Letter or they are in violation of
the Fair Debt Collection Practices Act.

14..

Any further acts to enforce an invalid security instrument are wrongful,
improper, and a serious breach of the fiduciary duty associated with Defendants
obligations. Such acts violate Federal and State law , and are contrary to the
explicit statutory requirements and contract between the parties.

15..

In the course of this Transaction, the Defendants  engaged in deceptive
business  practices and are in violation of Georgia's Unfair and Deceptive

EXHIBIT A - PAGE 5

Business Practices Act..

16..

Defendant engaged in deceptive business practices by offering to give Plaintiff a modification on March 15, 2009. In addition , Plaintiff made six payments and then was put into foreclosure.  Plaintiff has put substantial improvements into the property and then foreclosing on a loan that is not in default. Plaintiff had the ability to tender and did try to tender the mortgage payment.   This is a classic case of unjust enrichment, conspiracy, conversion, theft by deception, promissory estoppel.  Plaintiff contends Defendant has acted with total disregard for the law.  A recent Georgia Supreme Court decision You v. J.P. Morgan Chase, July 12, 2013 has set in motion a rash of wrongful foreclosure by making Georgia the easiest and fastest state to carry out a non-judicial foreclosure.   In this particular case, Tawana Carter, has the ability and funds to tender but Select Portfolio Servicing, Inc. has "unclean hands" and would rather foreclose than accept tender.

17.

Defendant, Tawana Carter qualifies for a modification and has been approved on March15, 2009 put Defendant engaged in promissory estoppel

18.

The transaction was not in good faith nor was a fair dealing and was secured through fraud in the inducement and actual fraud. Plaintiff were victim's of a predatory lending and contends Defendant's lack standing to foreclose as there has been a break in the chain of title of the security interests.

4.

19.

Based on the above violations of State Law Claims of Fraud and Fraud in the inducement, and the principals of equity, Plaintiff seeks an Order staying any state court non-judicial foreclosure proceedings including but not limited to the foreclosure and potential sale of the subject property during the pendency of this action.

20.

With proper notice of a break in the chain of title and Quite Title Action, any security interest which Defendants had or will have in Plaintiff's residence is now being contested. Defendants have no valid interest upon which to foreclose.

21.

Plaintiff has plead multiple causes of actions of State law supported by facts and evidence in his pending state suit.

22.

The facts support a decision in favor of Plaintiff.

23.

Under O.C.G.A. §§ 9-5-1 and 9-11-65, this Court may grant a Temporary Restraining Order/ Interlocutory Injunctive Relief.

24..

Defendants have threatened foreclosure and there is the potential that the subject property could be sold to a third party during the pendency of this Action.

25..

4.

Plaintiff has no adequate remedy at law.  Plaintiff is facing foreclosure on
Feb. 3, 2014.

26.

Plaintiff seeks a temporary and permanent Restraining Order to bar
Defendants from proceeding with a non-judicial foreclosure sale until this case
has been concluded in Superior court.

27.

A temporary injunction/interlocutory injunctive relief would maintain the
status and prevent irreparable harm.

WHEREFORE, Plaintiff prays

(1) For Interlocutory Injunctive Relief in the form of a Temporary Restraining
Order to forbid Defendants from foreclosing on Plaintiff's residence, the
subject property located at 115 Parkside Close, Alpharetta, Ga. 30022 until
her complaint for specific performance and issues of promissory estoppel
have been adjudicated.


Respectfully,


Tawana Carter, Pro Se

115 Parkside Close

Alpharetta, Ga. 30022

404-399-0606

*Tawana Carter*
*1/09/15*

-7-

EXHIBIT A - PAGE 8

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE

JAN 0 9 2015

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**Court**
☑ Superior
☐ State

**County** _Fulton_     **Date Filed** _____
                          MM-DD-YYYY

**Docket #** _2015CV255715_

**Plaintiff(s)**

_Carter   Tawana   L._
Last      First    Middle I. Suffix Prefix      Maiden

Last      First    Middle I. Suffix Prefix      Maiden

Last      First    Middle I. Suffix Prefix      Maiden

Last      First    Middle I. Suffix Prefix      Maiden

**No. of Plaintiffs** _____

**Plaintiff/Petitioner's Attorney**     ☑ Pro Se

Last          First          Middle I.   Suffix

**Bar #** _____

**Defendant(s)**

_Select   Portfolio   Servicing_
Last      First    Middle I. Suffix Prefix      Maiden

_Wells   Fargo   Bank_
Last      First    Middle I. Suffix Prefix      Maiden

Last      First    Middle I. Suffix Prefix      Maiden

Last      First    Middle I. Suffix Prefix      Maiden

**No. of Defendants** _____

---

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify _Injunction_

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

EXHIBIT A - PAGE 9

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



FILED IN OFFICE

JAN 0 9 2015

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO: 2015-CV- 2015CV255715

Defendants.
SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

I

## VERIFIED PETITION AND MOTION FOR SPECIFIC PERFORMANCE, INJUNCTIVE RELIEF, REQUEST FOR DECLARATORY JUDGMENT, PROMISSORY ESTOPPEL ,CIVIL CONSPIRACY, WRONGFUL ATTEMPTED SALE UNDER POWER

**COMES NOW,  Tawana L. Carter**, and pursuant to O.C.G.A. §23-3-61, respectfully files her Verified Petition For Injunctive Relief, Request For Declaratory Judgment Pursuant To O.C. G.A.§§ 9-4-2 and 9-11-118, , Specific Performance, Promissory Estoppel

## INTRODUCTION

1.

Plaintiff is over the age of eighteen (18), a resident of the County of Fulton, State of Georgia and resides at 115 Parkside Close, Alpharetta, Ga. 30022.

2.

Plaintiff has unsuccessfully attempted to obtain a modification of her mortgage which was approved for a modification on March 15, 2009 by Bank of America where her payment went from $2,284 per month to $1,000.  After making six payments her modification was suddenly denied.  Plaintiff contends this is a classic case of promissory estoppel.

Next Plaintiff on March 30, 2012 tried unsuccessfully through a non-profit known as NACA  because they claimed she had too much equity in the property.

Plaintiff's third attempt at a modification was in April, 2014 through Trina Harrington at the Rainbow Push Coalition which was denied again.

Plaintiff was denied again by Select Portfolio Servicing, Inc. on Jan. 6, 2015 claiming they would rather foreclose than do a modification.

3.

Plaintiff visited the Fulton County Georgia Real Estate Records Department within the Superior Court Clerk's Offices, only to become more confused concerning the secured creditor, and entities who legally have an interest in her real property.

4.

Plaintiff brings her action for specific performance to obtain the modification and principle reduction because her home is "under water".

Plaintiff's original loan was for $279,000 at 8% interest on 3/1/2005.

Now Plaintiff owes $331,139.89 and is still paying 8% when a market rate is only 4%.

5.

Plaintiff has reason to believe that there may be more than just those listed as Defendants that may claim an interest in her property, but at this time, is unaware of any others.

6.

The Public Real Estate Records of Fulton County do not indicate who actually owns the real property which is the subject of this litigation, other than the Plaintiff.


II.     JURISDICTION AND VENUE

7.

Jurisdiction is proper in this Court, because the subject is Title to Real Property located within their County.

8.

There is a dispute over Title to the real property; therefore, jurisdiction is proper, pursuant to O.C.G.A. §44-2-60 "[f]or the purpose of enabling all persons owning real estate within their state to have the title there to settled and registered [,] the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had there upon." (Emphasis supplied.) OCGA § 44-2-60 Setlock v. Setlock 286 Ga. 384, 688 SE2d 346 (2010).

9.

Further, under the Georgia Constitution, only the Superior Courts of Georgia  have "Equity Jurisdiction" and the power to Grant Injunctions [GA. CONST. ART.6, §4,¶ 1].

10.

Venue is proper under Georgia's Long Arm Statute, as the real property, which is the subject matter is located within Fulton County, Georgia, and all entities conduct business in the state of Georgia.

III.     THE PARTIES and SUBJECT PROPERTY

11.

Plaintiff, Tawana L. Carter, ("Carters") at all times relevant, is  Sui Juris and makes her Complaint upon personal knowledge of the facts alleged herein; Plaintiff has resided at; the legal description of the subject property :
See Exhibit B

12.

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite 300, Norcross, Ga. 30092.  Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

13..

.

The Defendants, and each of them, had actual knowledge of / and or were in a position that they had constructive knowledge of the acts of the Defendants and each of them; because of the acts complained of herein Defendants were the agents, employees, representatives, partners, officers, principals and/or joint ventures of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants.  Defendants ratified, joined in, acquiesced in, and / or authorized the acts of the other Defendants and have retained the benefits from these acts complained of herein.

IV.        STATEMENT OF FACTS

14.

The Fraud complained of herein was pervasive and perpetrated by Novastar. who was later  acquired by Wells Fargo as Trustee, et al .  It began with Novastar  making a conscious decision to sustain their business by systematically and significantly reducing their underwriting standards to create increasingly complex, confusing and increasingly risky terms for their prospective borrowers.  As the entity that supervised the loan file which a broker submitted to them as a Correspondent Lender, Defendant  knew to a certainty that loans like the Plaintiff's was unsustainable for the Plaintiff and they knew that if the property value dropped or if a borrower had a income reduction the loan would fail.  Thus the Defendant sold many of its loans to Real Estate Mortgage Investment Conduits (REMICS) and /or Trusts to default on a nationwide basis.  In the specific case of Tawana L. Carter,  Wells Fargo, N.A. trustee, et al. engaged in constructive fraud and  promissory estoppel in their approval of Carter loan , attempts at modification and an approval which she seeks specific performance which was granted on March 15, 2009.  In addition, Tawana L. Carter applied for modifications three more times to be turned  down when she was more than qualified.  This is a classic example of promissory estoppel.  Plaintiff contends she is not in default  as a result of Select Portfolio Servicing, Inc.'s "unclean hands."

15.

, Plaintiff Carter purchased her property with Fremont with a subprime predatory loan of $279,000 at 8% interest rate with a payment of $1,645.23 (PI) plus $269.20 (TI). Ms. Carter's loan was a stated income loan and she was made a loan she would never be able to repay. There was a modification that was granted on March 15, 2009 by Bank of America which brought the payment down to $1,000 on a trial modification but the loan was never approved for a final modification.    Plaintiff seeks specific performance to get this modification.

## COUNT 1

## PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF

16.

Plaintiff hereby incorporates the foregoing paragraphs 1-15 of this Complaint and restates them as if they were fully written herein..

Plaintiff is entitled to declaratory relief, in that Plaintiff is not in Default and a new Loan Modification Agreement between Plaintiff and Defendants needs to be entered into. Plaintiff qualifies for a loan modification but has been unfairly denied by Defendant.

17.

Plaintiff is entitled to declaration that Defendant Select Portfolio Servicing, Inc. is not the holder of the Note, or entitled to enforce the Note or Security Deed due to a break in the chain of title.

18.

Plaintiff is entitled to a declaratory judgment that Defendant has no right, title or interest in and to the Security Deed, because said security deed was never lawfully assigned to Defendant, as no lawful Assignment exists in the Public Records of the Fulton County Georgia Real Estate Records.

19.

Plaintiff is entitled to a declaratory judgment that Defendant, has "unclean hands" in refusing to accept Plaintiff's tender and due to break in chain of title where Defendant does not have standing to foreclose..

20..

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT 11

## PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

21.

Plaintiff hereby incorporates the foregoing paragraphs 1-20 of their Complaint and restates them as if they were fully written herein..

Plaintiff is entitled to a preliminary injunction, and a permanent injunction restraining all defendants from initiating or continuing a foreclosure action, whether judicial or non-judicial against Plaintiff or his property.

22.

Plaintiff is entitled to a preliminary injunction, enjoining all Defendants from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiff or against the Property; (b) listing or advertising the Property for sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiff or with respect to the Property; while their action is pending.

23.

Plaintiff is entitled to a permanent injunction, enjoining all Defendants from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiff or against the Property; (b) listing or advertising the Property for

sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiff or with respect to the Property.

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT 111

## PLAINTIFF IS ENTITLED TO SET ASIDE SALE UNDER POWER DUE TO BREAK IN CHAIN OF TITLE IN THE FULTON COUNTY GEORGIA RECORDS ,

24.

Plaintiff asserts that there are several  documents recorded in Fulton County, Georgia Records which indicate a break in the chain of title, and Plaintiff is entitled to have such  documents cancelled of record.

25.

Plaintiff asserts that there are several breaks in the chain of title recorded  in Fulton  County, Georgia Records relating to the Plaintiff's real property, and these documents filed on the public records in fairness must be corrected..

26.

Further, Defendant, et al.. lacked a Power of Attorney, or any other authorization to transfer, convey, assign, or sell the beneficial rights of Plaintiff  due to "unclean hands" in Defendant's failure to modify Plaintiff's loan.  Plaintiff can prove that she is not in default on her mortgage.

27.

Furthermore ,Defendant  as grantee, could not legally transfer and assign its right, title, interest, powers, and immunities as a grantee because this designation exceeds its publicly stated authority to act (as it does not hold a beneficial interest in the property); therefore, due to a break in the chain of title. .

28.

Plaintiff is entitled to cancellation of the sale under power due to constructive fraud upon the court by the Defendant in refusing to modify Plaintiff's loan.

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT IV.

### SPECIFIC PERFORMANCE

28.

Plaintiff incorporates and re-alleges the allegations under the Paragraphs 1 through 28.

29.

Plaintiff asks the Court to do the following:  a) establish an enforceable Contract or price for Plaintiff's modification based on the March 15, 2009 contract ;  b) adequate consideration, and a just and reasonable contract; c) Plaintiff did have the ability to meet the guidelines for the modification but Defendant refused Plaintiff for unknown reasons;  d) Defendant breached the contract;   e) inadequacy of remedy at law;

## COUNT V

### PROMISSORY ESTOPPEL O.C.G.A. 13-3-44 (a)

30..

Defendant has made promises to Plaintiff that are unfulfilled and should be stopped

from pursuing it's Foreclosure. Plaintiff applied for a modification two times and was

denied at the last moment.

The essential elements of promissory estoppel are codified in   which provides in

essence:

> (1) the defendant made a promise or promises;
>
> (2) the defendant should have reasonably expected the plaintiff to rely on
>
> such promise;
>
> (3) the plaintiff relied on such promise to (its) detriment; and
>
> (4) an injustice can only be avoided by the enforcement of the promise,
>
> because as a result of the reliance, plaintiff changed (its) position to (its)
>
> detriment by surrendering, forgoing, or rendering a valuable right.

The law in their state is well settled, a claim predicated on a theory of promissory

estoppel may lie even though the promise was made in a contract that is not legally

enforceable. SU-PACIFIC ENTERPRISES v. GIRARDOT, 251 Ga. App. 101, 103 (1)

(553 S.E. 2ns 638 (2001). KAMAT v. ALLATOONA  FED. SAVINGS BANK, 235 Ga.

App. 283,286 (2) (508 S.E. 2d 6666) (1998),  CENTER  V. HUDGENS, 256 Ga. 129,

134-135 (6,7) (345 S.E. 2d 330) (1986).

## COUNT VI.

### CIVIL CONSPIRACY

31. O.C.G.A. 16-4-8 defines Civil conspiracy as an agreement between
    two or more parties to deprive a third party of legal rights or to obtain
    an illegal objective.

32. In connection with the application for and consummation of the
    mortgage loan the subject of this action, Defendants agreed, between

and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiff.

33. Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiff.

34. Further, defendants knowingly and intentionally had the Plaintiffs sign away their fifth and Fourteenth Amendment Rights granting the Defendant the power to non-judicial foreclosure without explaining the implication of so doing.

35. The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiffs.

36. As a direct and proximate result of the actions of the Defendants in combination resulting in fraud and breaches of fiduciary duties, Plaintiff has suffered damages.

37. Plaintiffs thus demand an award of actual, compensatory, and punitive damages in an amount not less than $1,500,000.

WHEREFORE, Plaintiff prays for relief as set forth below.

38..Plaintiff hereby incorporates the foregoing paragraphs of their Complaint and restates them as if they were fully written herein.

39..Each Defendant was obligated by either contract or common law to act in good faith and to deal fairly with every borrower, including Plaintiff.

40.The purpose of the •covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.

41.The Note executed by Carters, contained several provisions that deal with the defined "Note Holder" and the Defendant Fremont, et al routinely hid and concealed the Note Holder from Carters so as to prevent her from exercising rights afforded to her by the Note and the ability to deal with and negotiate any payoff, changes to or settlement of complaints and claims with the Note Holder.

42.Unbeknownst to Carters, his signature was used to create additional debt instruments that purported to obligate his to make payments on loans other than his own toward a securitized pool of mortgages and his FICO score and falsely appraised property value were used to induce multiple investors. (Does), some of

which may have been betting on the failure of the loan pool in order to reap multiple returns on their investment.

43.Defendants have routinely and regularly breached there duty to the Plaintiff by: a) failing to perform loan servicing functions consistent with its responsibilities to Plaintiff and any lawful holder of Plaintiffs note; b), failing to properly supervise its agents and employees including, without limitation, its loss mitigation and collection personnel and its foreclosure attorneys and default servicers; c), routinely making promises for ·modification Figures when in that they knew no modification would be granted; d), making inaccurate calculations and determinations of Plaintiffs obligation and debt: e) refusing to provide Plaintiff with adequate information and documentation relating to his secured debt to determine the lawful holder in due course of his promissory note; f) Failing to follow through on written, verbal, and implied promises, g), failing to follow through on contractual obligations; and b) falling to give the Plaintiff the promised modification while publicizing via new releases that they were giving discounts on principal balances.

44.As a result of these failures to action good faith and the absence of fair dealing, Defendants have caused Plaintiff substantial harm and damages.

45. Defendants were obligated by contract and common law to act in good faith and to deal fairly with each borrower. The purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.

WHEREFORE, by reason of the forgoing, Plaintiff has suffered damages that are within

this Court's jurisdictional limits and he prays for the relief and damages set forth herein

and below.

WHEREFORE, by reason of the forgoing, Plaintiff has suffered damages that are within

this Court's jurisdictional limits and she prays for the relief and damages set forth herein

and below.

## COUNT V1 –FOR ATTORNEYS FEES & LEGAL EXPENSES

1.    Plaintiff thereby incorporates the foregoing paragraphs of their Complaint and restates them as if they were fully written therein.

2.    Plaintiff seeks attorney's fees per O.C.G.A. §§ 13-6-11 and 13-1-11 for an award of attorney's fees as recovery of expenses of litigation.

3.    Defendants have acted in bad faith and caused Plaintiff unnecessary trouble and expense in attempting to identify a true holder in due course or who may lawfully negotiate with Plaintiff a payoff, modification, and/or settlement of Plaintiffs claims.

4.    In furtherance of that had faith. Defendants have caused to be executed fraudulent and fabricated documents conveying title to their property and an unlawful foreclosure.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following from this Court:

A.    Order all parties with legal claim to stipulate and provide proof of claim against the above Warranty Deed;

B.    Remove all liens recorded prior to the date of the filing of this action; if said proof cannot be provided:

C.    Silence all clouds to title of those known and unknown.

D.    Allow Plaintiff Action for Specific Performance and a Modification

E.    Allow Plaintiff to recover costs and damages, and allow Attorney's fees as this court sees fit.

Respectfully submitted, this _09_ day of January, 2015,

By: _Tawana Carter_

Tawana Carter

115 Parkside Close
Alpharetta, Ga. 30022
404-399-0606

CROSS INDEX TO DEED BOOK 39500
PAGE 567, FULTON COUNTY, GEORGIA
RECORDS

## TRANSFER AND ASSIGNMENT OF DEED TO SECURE DEBT

STATE OF ___Texas___

COUNTY OF ___Dallas___

**FOR VALUE RECEIVED** Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Fremont Investment & Loan, as Assignor, has this day transferred, sold, assigned, conveyed and set over to Wells Fargo Bank, National Association As Trustee For Securitized Asset Backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3, as Assignee, whose address is 7105 Corporate Drive, PTX-A-274, Plano, TX 75024 its successors, representatives and assigns all of the assignor's right, title and interest in and to that certain Deed to Secure Debt (or Security Deed), executed by Tawana L. Carter to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Fremont Investment & Loan, dated February 22, 2005, and recorded March 1, 2005, in Deed Book 39500, Page 567, in the Office of the Clerk of the Superior Court of Fulton County, Georgia.

The Assignor herein specifically sells, assigns, transfers and conveys to the Assignee, its successors, representatives and assigns the aforementioned Security Deed the property described herein, the indebtedness secured thereby, together with all the rights, title, interest powers, options, privileges and immunities contained therein.

The Assignor herein has this day sold and assigned to the Assignee the Note secured by the aforementioned Security Deed and this transfer is made to secure the Assignee, its successors, representatives, and assigns in the payment of said Note.

**IN WITNESS WHEREOF**, the Assignor has hereunto affixed its hand and seal this ___ day of ___NOV 0 4 2009___ 20 ___.

Signed, Sealed and Delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public

My Commission Expires  **MAY 1 1 2011**

(Notary Seal)

SOPHIA L. CUMMINGS
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-11-11

Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Fremont Investment & Loan

By: _____ (L.S.)
Title:  Mohit Pathan-Vice President

Attest: _____ (L.S.)
Title:  Barbara Knuth-Asst. Secretary

(Corporate Seal)

This space for Recorder's use

| | | |
|---|---|---|
| **DocID#** 1547156912424222 | Recording Requested By:<br>Bank of America<br>Prepared By:<br>Diana De Avila<br>800-444-4302<br>1800 Tapo Canyon Road<br>Simi Valley, CA 93063 | When recorded mail to:<br>CoreLogic<br>Mail Stop: ASGN<br>1 CoreLogic Drive<br>Westlake, TX 76262-9823 |

Property Address:
115 Parkside Close
Alpharetta, GA 30022-1437
GA0v2A1-AS02079145  12/24/2012  DX01

MIN #: 1001944-6000140478-9          MERS Phone #: 888-679-6377

## ASSIGNMENT OF SECURITY DEED

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR FREMONT INVESTMENT & LOAN its successors and assigns whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 hereby assign and transfer to WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC 2005-FR4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FR4 its successors and assigns whose address is C/O BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063 all its right, title, and interest to a certain Security Deed described below.

| | |
|---|---|
| Original Lender: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"),<br>AS NOMINEE FOR FREMONT INVESTMENT & LOAN |
| Made By: | TAWANA L CARTER, A MARRIED WOMAN |
| Date of Security Deed: | 2/22/2005 |
| Original Loan Amount: | $15,500.00 |

Recorded in Fulton County, GA on: 3/1/2005, book 39500, page 583 and instrument number 2005-0096470

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Security Deed to be executed on
__DEC 28 2012__

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS
NOMINEE FOR FREMONT INVESTMENT & LOAN

| | |
|---|---|
| By: _____<br>Cecilia Rodriguez<br>Assistant Secretary | By: _Mary Ann Hierman_<br>Mary Ann Hierman<br>Assistant Secretary |
| Witness: __Luis Roldan__ | Witness: __Srbui Muradyan__ |

IN THE ~~SUPERIOR~~ COURT OF FULTON COUNTY
STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO: ~~2015-CV-~~ 2 5 5 7 / 5

SELECT  PORTFOLIO  SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants

## VERIFICATION

COMES NOW Tawana L. Carter , being first duly sworn and deposed states the

following:

1.  Plaintiff initiated the above-styled action as a result of Defendant's
    purposeful attempt to wrongfully foreclose on his personal residence.

2.  That the facts and circumstances as outlined in the attached Complaint are
    true and accurate to the best of my knowledge and belief.

Tawana L. Carter

State of Georgia
County of Fulton
    This  instrument  was  acknowledged  before  me  on  Jan.  9,  2015  by
who first identified himself to me. as Tawana Corter

Notary Public's Signature:
[or Notary's Stamp]

A. K. TIKOO
Notary Public
Cobb County
State of Georgia
My Commission Expires Sep 16, 2017

Respectfully submitted on _January_   _09_ , 2015, by:

_____